# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# OWENSBORO DIVISION

**CIVIL ACTION NO. 4:17CV-00052-JHM**

**UNITED STEEL, PAPER AND FORESTRY, RUBBER,
MANUFACTURING, ENERGY, ALLIED INDUSTRIAL
AND SERVICE WORKERS INTERNATIONAL UNION,
AFL-CIO-CLC AND UNITED STEEL WORKERS LOCAL 9443-02**     **PLAINTIFFS**

**V.**

**DANA HOLDING CORPORATION**     **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on a motion by Defendant, Dana Holding Corporation, for summary judgment [DN 9]. Fully briefed, this matter is ripe for decision.

## I. BACKGROUND

On December 17, 2015, the parties arbitrated a dispute over whether Dana had improperly removed certain Team Leaders from their positions in violation of the terms of the collective bargaining agreement. On March 22, 2016, Arbitrator Mollie H. Bowers issued her Opinion and Award. She ordered Dana to restore the Grievants to their previous positions as Team Leaders and to make them "whole for all lost earnings and for all benefits to which he/they would have been entitled if he/they had remained in the Team Leader positions which they occupied as of February 2, 2015." (March 22, 2016, Arbitrator's Opinion and Award at 20.) The Arbitrator retained jurisdiction over the award for 90 working days. Id.

Dana restored the Grievants to their previously held Team Leader positions. On April 8, 2016, Dana issued payments to the Grievants for the difference between the lower rate each Grievant had been paid and the respective Team Leader rates. (Cummings Decl. ¶ 6.) Dana

represents that it included the appropriate multiples for overtime, vacation, and holiday hours in each payment. (Greenham Decl. ¶ 4.)

USW maintains that Team Leaders work more overtime than other members of the bargaining unit. The record reflects that on June 22, 2016, within the 90-working-day period of the Arbitrator's retained jurisdiction, USW Staff Representative Richard Haas emailed Arbitrator Bowers, with a copy to Dana Human Resource Manager Darryle Cummings, asking for clarification of the remedy. (Haas Decl. ¶ 5.) Specifically, Hass communicated that Dana claimed it could not determine how much overtime the Grievants would have worked if they had remained in the Team Leader positions. (Id. at ¶¶ 4-5.) The parties never received a response from Arbitrator Bowers. According to USW, "[t]he Union did not follow up with Arbitrator Bowers because the parties appeared to be working toward a mutually agreeable settlement." (Response at 2.)

On August 4, 2016, Dana issued additional payments to the Grievants for 30 minutes per day of overtime. However, USW continued to believe that the Grievants would have worked more overtime, and the parties continued to discuss the matter.

On March 16, 2017, USW Counsel Daniel M. Kovalik wrote to Dana's Human Resources Director Darryle Cumming and informed Cummings that the Union would take legal action if Dana did not make the Grievants whole for overtime payments they would have received had they remained in the Team Leader positions continuously. USW claims that Dana did not respond to this letter, and it did not fully comply with the Arbitrator Bower's Award. USW filed this lawsuit on April 18, 2017.

## II. STANDARD OF REVIEW

Before the Court may grant a motion for summary judgment, it must find that there is no

genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of specifying the basis for its motion and identifying that portion of the record that demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Once the moving party satisfies this burden, the non-moving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986).

Although the Court must review the evidence in the light most favorable to the non-moving party, the non-moving party must do more than merely show that there is some "metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Instead, the Federal Rules of Civil Procedure require the non-moving party to present specific facts showing that a genuine factual issue exists by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute[.]" Fed. R. Civ. P. 56(c)(1). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." Anderson, 477 U.S. at 252.

### III. DISCUSSION

Dana moves for summary judgment arguing that the Court lacks jurisdiction to interpret the arbitration award because resolution of the parties' dispute would require the Court to both interpret the award and engage in fact-finding. Dana claims that despite the looming deadline of Arbitrator Bower's 90-day window, neither Mr. Haas nor USW's counsel timely presented the issue to her. (Cummings Decl ¶ 9). Further, Dana argues that USW waited until after the

window closed to send the March 16, 2017, demand letter to Dana. Dana maintains that after the case is dismissed for lack of jurisdiction, the case can be remanded to the exclusive grievance process under the collective bargaining agreement. In response, USW contends that it is not asking the Court to find facts, but instead to order the parties to confer in good faith and share their respective evidence of what overtime the Grievants would have worked absent the improper demotion. Further, USW argues that in the event the Court sees a need for additional fact-finding, a remand to the arbitrator, rather than outright dismissal of this case, would be appropriate.

### A. The Court's Role

"When parties select arbitration to settle their disputes, district courts are not empowered to perform fact-finding or second guessing." United Steel, Paper & Forestry v. Sekisui Specialty Chemicals America, LLC, 2012 WL 692810, at *4 (W.D. Ky. Mar. 1, 2012) (citing Armco Employees Independent Federation, Inc. v. Armco Steel Co., L.P., 65 F.3d 492, 496 (6th Cir. 1995)). "The only role the district court has in such a situation is 'to place government authority behind an award in order to enforce it.'" Id.

"'Traditionally, if an arbitration award is ambiguous and in need of clarification, courts are made to remand back to the arbitrator to clarify its meaning and intent.'" United Steel, 2012 WL 692810, at *4 (quoting Sterling China Co. v. Glass, Molders, Pottery, Plastics & Allied Workers, 357 F.3d 546, 552 (6th Cir. 2004) (citing M & C Corp. v. Erwin Behr GmbH & Co., KG, 326 F.3d 772, 782 (6th Cir. 2003)). "'The propriety of remanding an ambiguous award to the arbitrator is reinforced by the strong federal policy favoring arbitration.'" United Steel, 2012 WL 692810, at *4 (quoting Behr III, 326 F.3d at 782). Indeed, "'[a] district court itself should not clarify an ambiguous arbitration award but should remand it to the [arbitrator] for

clarification.'" United Steel, 2012 WL 692810, at *4 (quoting Mutual Fire, Marine & Inland Ins. Co. v. Norad Reinsurance Co., Ltd., 868 F.2d 52, 58 (3d Cir. 1989)). See also Ganey v. Raffone, 1996 WL 382278, at *3 (6th Cir. July 5, 1996). Thus, "'for a court to engage in guesswork as to the meaning and application of an ambiguous arbitration award is inconsistent not only with federal policy, but also with the parties' own agreement to submit their dispute to arbitration.'" United Steel, 2012 WL 692810, at *4 (quoting Behr III, 326 F.3d at 782).

### B. Ambiguity of Arbitration Award

In the present case, the parties do not dispute the validity of the arbitrator's award. The arbitrator determined that Dana violated the terms of the collective bargaining agreement in disqualifying certain Team Leaders and ordered those Team Leaders to be made "whole for all lost earnings and for all benefits to which he/they would have been entitled if he/they had remained in the Team Leader positions which they occupied as of February 2, 2015." (March 22, 2016, Arbitrator's Opinion and Award at 20.) Instead, the dispute among the parties revolves around the interpretation of "all lost earnings" and implementation of the award.

The Court finds that the arbitrator's award is ambiguous. The arbitrator did not define the meaning of "all lost earnings." USW maintains that the award includes all overtime the Grievants would have worked if they had remained in the Team Leader positions continuously. USW represents that it has calculated the overtime pay and has offered to share these calculations with Dana. In contrast, Dana represents that when the award was challenged by USW, the company determined that most Team Leaders followed a practice of working 30 minutes in advance of each shift to help set up the line. Dana paid the Grievants for an additional half-hour per day of overtime. Dana maintains that the Union's additional overtime calculations are too speculative. Resolution of this issue by the Court would require

5

interpretation of the term "all lost earnings" and fact-finding regarding whether Dana's payments for overtime were deficient.

Accordingly, the Court finds that the arbitration award is ambiguous as it relates to the meaning and extent of "all lost earnings." The Court further finds that the ambiguity cannot be resolved from the record.

### IV. CONCLUSION

Having found that the Court cannot enforce the arbitration award because it is ambiguous, **IT IS HEREBY ORDERED** as follows:

(1) This matter is **REMANDED** to the arbitrator for clarification of her award. Upon remand, the arbitrator is directed to clarify the meaning of "all lost earnings" and to determine whether an additional overtime award is needed to satisfy the award.

(2) The Defendant's motion for summary judgment [DN 9] is **DENIED**.

(3) Within five (5) days after the issuance of this Order, Plaintiff shall provide the Court with the mailing address of Arbitrator Mollie H. Bowers. Upon receipt of the address, the Clerk of Court is directed to send a copy of this order to Mollie H. Bowers.

(4) Plaintiff shall notify the Court within five (5) days after the arbitrator issues her decision.

(5) Enforcement of the arbitrator's award is **STAYED** pending remand to the arbitrator for clarification of her award.

*Joseph H. McKinley*

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc: counsel of record
Arbitrator Mollie H. Bowers

January 2, 2018